2014 OK 27

**STATE of Oklahoma, ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Phillip W. OFFILL, Jr., Respondent.**

**No. SCBD–5674.**

Supreme Court of Oklahoma.

April 15, 2014.

### ORDER IMPOSING FINAL DISCIPLINE OF DISBARMENT

¶ 1 This Court suspended Respondent from the practice of law on November 22, 2010. We based this action upon his conviction in the United States District Court for

the Eastern District of Virginia on nine counts of wire fraud and a single count of conspiracy to commit securities registration violations, securities fraud and wire fraud. Case No. 1:09–cr–00134–LO–1 The United States District Court sentenced Respondent to ninety-six months of imprisonment for each of the wire fraud counts and sixty months imprisonment for the conspiracy count, all time to be served concurrently. The United States Court of Appeals for the Fourth Circuit affirmed the judgment and sentence in this case on December 6, 2011, Case No. 10–4490, 666 F.3d 168 (4th Cir. 2011). Thereafter, the United States Supreme Court denied Respondent's petition for certiorari on April 16, 2012. Case No. 11–9131. Respondent's conviction is now final for purposes of determining and imposing final discipline.

¶ 2 On November 19, 2013, this Court ordered Respondent to show cause why a final order of discipline should not be made. The show cause order was mailed to Respondent and gave notice that he could request a hearing concerning final discipline. The show cause order further notified Respondent that he could also submit a brief and evidence to explain his conduct and to mitigate the final discipline to be imposed. The show cause order also advised Respondent that potential final discipline included suspension through the remaining period of his sentence and disbarment. The show cause order gave Respondent until December 9, 2013, to respond. To this date, Respondent has not requested a hearing, filed a brief or submitted evidence to support any mitigation of final discipline. In fact, Respondent has never entered an appearance or responded to any notices and orders mailed to him. He is in complete default in these proceedings.

¶ 3 In determining the final discipline to be imposed, we first find that the record reflects Respondent has received sufficient notice and opportunity to be heard in accord with due process established for disciplinary proceedings. *See State ex rel. Oklahoma Bar Association v. Whitebook*, 2010 OK 72, ¶ 21, 242 P.3d 517, 522. We next find that Respondent's final conviction furnishes clear and convincing evidence: (1) he committed criminal acts that reflect adversely on his honesty, trustworthiness and fitness as a law-

yer, and (2) he engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, in violation of Rule 8.4(b) and (c), Rules of Professional Conduct, 5 O.S.2011, ch.1, App.3–A. In a prior case where the disciplined attorney "was an active participant in the fraudulent and deceitful conduct," this Court imposed disbarment as appropriate final discipline to best serve the welfare of the public and the integrity of the bar, **even in the face of mitigating evidence.** *State ex rel. Oklahoma Bar Association v. Shofner*, 2002 OK 84, ¶¶ 5 and 13, 60 P.3d 1024, 1027–29. Such discipline appears to be all the more called for in a case like the one before us where Respondent has never formally responded or otherwise offered explanation, mitigation or even a plea for leniency.

¶ 4 **IT IS THEREFORE ORDERED** that Respondent is hereby disbarred from the practice of law in Oklahoma and his name shall be stricken from the Roll of Attorneys. This disbarment is effective from the date of this order. Respondent's failure to respond or defend has kept the costs of this proceeding at a minimum and, therefore, no costs are assessed to Respondent.

¶ 5 **IT IS FURTHER ORDERED** that the Clerk of this Court shall mail a copy of this order to:

Phillip Windom Offill, Jr., OBA # 10424
Register No. 38572–177, Federal Bureau of Prisons
United States Penitentiary–Pollock
Post Office Box 2099
Pollock, Louisiana 71467
and Phillip Windom Offill, Jr., OBA # 10424
6440 Avondale Drive, Suite 200
Nichols Hills, Oklahoma 73116
(Official Roster Address).
and The Office of the General Counsel of the Oklahoma Bar Association.

**DONE IN CONFERENCE BY ORDER OF THE SUPREME COURT THIS *14th* DAY OF APRIL, 2014.**

¶ 6 ALL JUSTICES CONCUR.