2016 OK 80

STATE of Oklahoma EX REL. OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

Shanita Danielle GAINES, Respondent.

O.B.A.D. No. 2095
S.C.B.D. No. 6389

Supreme Court of Oklahoma.

FILED JUNE 28, 2016

Rehearing Denied September 12, 2016

Loraine Dillinder Farabow, First Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

No appearance for Respondent.

EDMONDSON, J.

¶1 Respondent received previous attorney discipline from the State Bar of Texas, and the Oklahoma Bar Association filed a reciprocal professional discipline proceeding in this Court. The Bar Association recommends that respondent be suspended from the practice of law for two years and one day. We impose a suspension for two years and one day, and impose costs in the amount of sixty-six dollars and fifty-two cents ($66.52).

### Texas State Bar Proceeding

¶2 In March of 2016, respondent personally appeared before an Evidentiary Panel of a Grievance Committee for the State Bar of Texas where three disciplinary cases against her were adjudicated. The Evidentiary Panel made Findings of Fact and Conclusions of Law concerning respondent's professional conduct in the three disciplinary cases. The Panel's judgment orders, adjudges and decrees "that Respondent be suspended from the practice of law for a period of two (2) years, with the suspension being fully probated ..." pursuant to the terms specified in the judgment. The panel's judgment directed it "shall be made a matter of record and appropriately published in accordance with the Texas Rules of Disciplinary Procedure." Nothing in the record before us suggests respondent lacked a full and fair opportunity to litigate the complaints before the Texas State Bar.

¶3. In the first case, the panel found that respondent (1) neglected legal matters entrusted to her by failing to provide legal services, (2) failed to keep a client reasonably informed about the status of client's legal matters, and (3) failed to supervise a nonlaw-

yer in her office in accordance with respondent's professional obligations. In the second case, the panel found that respondent (1) received settlement funds and failed to promptly notify both her client and her client's medical providers who had interests in these funds, (2) failed to promptly deliver the settlement funds to her client and her client's medical providers, (3) failed to supervise a nonlawyer in her office in accordance with respondent's professional obligations, (4) shared legal fees with a nonlawyer in her office, and (5) owed restitution in the amount of one thousand five hundred sixty-six and 66/100 dollars to her client. In the third case, the panel found that respondent neglected a legal matter by failing to provide legal services, (2) failed to keep this client reasonably informed about the status of client's legal matters, (3) failed to comply with reasonable requests from the client for information about the status of the client's legal matters, and (4) failed to supervise a nonlawyer in her office in accordance with respondent's professional obligations.

¶ 4 The panel's Conclusions of Law are respondent violated Texas Disciplinary Rules of Professional Conduct, Rules 1.01(b)(1), (competent and diligent representation),[1] 1.03(a), (communication),[2] 1.14(b) (safekeeping property),[3] 5.03(a) (responsibilities regarding nonlawyer assistants),[4] and

1. V.T.C.A., Govt. Code T. 2, Subt. G. App. A (State Bar Rules) Art. 10 (Discipline and Suspension of Members), § 9 (Texas Disciplinary Rules of Professional Conduct), Rule 1.01 (Competent and Diligent Representation):
   Rule 1.01, Competent and Diligent Representation.
   (a) A lawyer shall not accept or continue employment in a legal matter which the lawyer knows or should know is beyond the lawyer's competence, unless:
   (1) another lawyer who is competent to handle the matter is, with the prior informed consent of the client, associated in the matter; or
   (2) the advice or assistance of the lawyer is reasonably required in an emergency and the lawyer limits the advice and assistance to that which is reasonably necessary in the circumstances.
   (b) In representing a client, a lawyer shall not:
   (1) neglect a legal matter entrusted to the lawyer; or
   (2) frequently fail to carry out completely the obligations that the lawyer owes to a client or clients.
   (c) As used in this Rule, "neglect" signifies inattentiveness involving a conscious disregard for the responsibilities owed to a client or clients.

2. V.T.C.A., Govt. Code T. 2, Subt. G. App. A (State Bar Rules) Art. 10 (Discipline and Suspension of Members), § 9 (Texas Disciplinary Rules of Professional Conduct), Rule 1.03 (Communication):
   (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
   (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

3. V.T.C.A., Govt. Code T. 2, Subt. G. App. A (State Bar Rules) Art. 10 (Discipline and Suspension of Members), § 9 (Texas Disciplinary Rules

of Professional Conduct), Rule 1.14 (Safekeeping Property):
   (a) A lawyer shall hold funds and other property belonging in whole or in part to clients or third persons that are in a lawyer's possession in connection with a representation separate from the lawyer's own property. Such funds shall be kept in a separate account, designated as a "trust" or "escrow" account, maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person. Other client property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.
   (b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.
   (c) When in the course of representation a lawyer is in possession of funds or other property in which both the lawyer and other person claim interests, the property shall be kept separate by the lawyer until there is an accounting and severance of their interest. All funds in a trust or escrow account shall be disbursed only to those persons entitled to receive them by virtue of the representation or by law. If a dispute arises concerning their respective interests, the portion in dispute shall be kept separated by the lawyer until the dispute is resolved, and the undisputed portion shall be distributed appropriately.

4. V.T.C.A., Govt. Code T. 2, Subt. G. App. A (State Bar Rules) Art. 10 (Discipline and Suspension of Members), § 9 (Texas Disciplinary Rules

5.04(a)(Professional Independence of a Lawyer).[5] of the Texas Disciplinary Rules of Professional Conduct.

¶ 5 The panel imposed upon respondent a probated suspension for two years. The terms of the probation are that she (1) not violate any term of the suspension, (2) not engage in professional misconduct in violation of Texas Rules of Disciplinary Procedure, Rule 1.06(W),[6] (3) not violate any state or federal criminal statutes, (4) keep the Texas State Bar advised on her current addresses and telephone numbers, (5) comply with Texas continuing legal education requirements, (6) comply with Interest on Lawyers Trust Account (IOLTA), (7) promptly respond to any request for information from the Chief Disciplinary Counsel's Office in connection with any investigation of allega-

of Professional Conduct), Rule 5.03 (Responsibilities Regarding Nonlawyer Assistants):

With respect to a nonlawyer employed or retained by or associated with a lawyer:

(a) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and

(b) a lawyer shall be subject to discipline for the conduct of such a person that would be a violation of these rules if engaged in by a lawyer if:

(1) the lawyer orders, encourages, or permits the conduct involved; or

(2) the lawyer:

(i) is a partner in the law firm in which the person is employed, retained by, or associated with; or is the general counsel of a government agency's legal department in which the person is employed, retained by or associated with; or has direct supervisory authority over such person; and

(ii) with knowledge of such misconduct by the nonlawyer knowingly fails to take reasonable remedial action to avoid or mitigate the consequences of that person's misconduct.

5. V.T.C.A., Govt. Code T. 2, Subt. G. App. A (State Bar Rules) Art. 10 (Discipline and Suspension of Members), § 9 (Texas Disciplinary Rules of Professional Conduct), Rule 5.04 (Professional Independence of a Lawyer):

(a) A lawyer or law firm shall not share or promise to share legal fees with a non-lawyer, except that:

(1) an agreement by a lawyer with the lawyer's firm, partner, or associate, or a lawful court order, may provide for the payment of money, over a reasonable period of time, to the lawyer's estate to or for the benefit of the lawyer's heirs or personal representatives, beneficiaries, or former spouse, after the lawyer's death or as otherwise provided by law or court order.

(2) a lawyer who undertakes to complete unfinished legal business of a deceased lawyer may pay to the estate of the deceased lawyer that proportion of the total compensation which fairly represents the services rendered by the deceased lawyer; and

(3) a lawyer or law firm may include nonlawyer employees in a retirement plan, even though the plan is based in whole or in part on a profit-sharing arrangement.

(b) A lawyer shall not form a partnership with a non-lawyer if any of the activities of the partnership consist of the practice of law.

(c) A lawyer shall not permit a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services.

(d) A lawyer shall not practice with or in the form of a professional corporation or association authorized to practice law for a profit, if:

(1) a nonlawyer owns any interest therein, except that a fiduciary representative of the estate of a lawyer may hold the stock or interest of the lawyer for a reasonable time during administration;

(2) a nonlawyer is a corporate director or officer thereof; or

(3) a nonlawyer has the right to direct or control the professional judgment of a lawyer.

6. V.T.C.A., Govt. Code T. 2, Subt. G App. A–1 (Texas State Rules of Disciplinary Procedure), Disc. Proc., 1.06 (W) ("Definitions," "Professional Misconduct" defined by "W"):

W. "Professional Misconduct" includes:

1. Acts or omissions by an attorney, individually or in concert with another person or persons, that violate one or more of the Texas Disciplinary Rules of Professional Conduct.

2. Attorney conduct that occurs in another state or in the District of Columbia and results in the disciplining of an attorney in that other jurisdiction, if the conduct is Professional Misconduct under the Texas Disciplinary Rules of Professional Conduct.

3. Violation of any disciplinary or disability order or judgment.

4. Engaging in conduct that constitutes barratry as defined by the law of this state.

5. Failure to comply with Rule 13.01 of these rules relating to notification of an attorney's cessation of practice.

6. Engaging in the practice of law either during a period of suspension or when on inactive status.

7. Conviction of a Serious Crime, or being placed on probation for a Serious Crime with or without an adjudication of guilt.

8. Conviction of an Intentional Crime, or being placed on probation for an Intentional Crime with or without an adjudication of guilt.

tions of professional misconduct, (8) pay restitution to her client in the amount of $1,566.66, (9) pay reasonable and necessary attorney's fees and direct expenses of the Texas State Bar in the amount of $1,962.50, and (10) make contact with the Chief Disciplinary Counsel's Offices' Compliance Monitor and Special Programs Coordinator. The panel's order stated the procedure for revoking her probation, she would not be given credit for any term of probation served prior to revocation, and any conduct which serve as grounds to revoke her probation could be brought as independent grounds for professional discipline. The order stated that any amount of money not paid shall accrue interest at the maximum legal rate per annum until paid and the State Bar of Texas "shall have all writs and other post-judgment remedies against Respondent in order to collect all unpaid amounts."

**7.** *State ex rel. Oklahoma Bar Ass'n v. Mothershed,* 2011 OK 84, n. 9, 264 P.3d 1197, 1204, citing authority including *State ex rel. Oklahoma Bar Ass'n v. Heinen,* 2002 OK 81, ¶ 4, 60 P.3d 1018, 1019 (Pursuant to Rule 7.7 of the Rules Governing Disciplinary Proceedings a lawyer may be professionally disciplined by this Court because of the lawyer's professional discipline by the highest court of another state or a federal court.), and *State ex rel. Oklahoma Bar Ass'n v. Patterson,* 2001 OK 51, 28 P.3d 551 (paragraph number five (5) therein states Rule 7.7 "authorizes the Bar to initiate disciplinary proceedings in this state whenever discipline has been imposed upon a lawyer by another state's highest court or by a federal court.").

**8.** 5 O.S.Supp.2015 Ch. 1, App. 1–A, Rules Governing Disciplinary Proceedings, Rule 7.7:

Disciplinary Action in Other Jurisdictions, as Basis for Discipline.
   (a) It is the duty of a lawyer licensed in Oklahoma to notify the General Counsel whenever discipline for lawyer misconduct has been imposed upon him/her in another jurisdiction, within twenty (20) days of the final order of discipline, and failure to report shall itself be grounds for discipline.
   (b) When a lawyer has been adjudged guilty of misconduct in a disciplinary proceeding, except contempt proceedings, by the highest court of another State or by a Federal Court, the General Counsel of the Oklahoma Bar Association shall cause to be transmitted to the Chief Justice a certified copy of such adjudication within five (5)

## Oklahoma Discipline

■ ¶ 6 This Court may impose lawyer discipline on a lawyer when that lawyer has received discipline from the highest court of another state or a federal court.[7] Rule 7 of the Rules Governing Disciplinary Proceedings, 5 O.S.2011 Ch. 1, App. 1–A, provides for summary lawyer disciplinary proceedings before the Supreme Court in rule-specified circumstances. One of these circumstances is a lawyer's professional discipline imposed on the lawyer in another jurisdiction. Rule 7.7 of the Rules Governing Disciplinary Proceedings (R.G.D.P.).[8] This rule also provides the Court will issue an order providing a respondent an opportunity to appear and show cause why he or she should not be disciplined by this Court.[9]

¶ 7 On April 28, 2016, this Court issued an order directing respondent "to show cause in writing why a final order of discipline should not be imposed, or to request a hearing, on or before May 19, 2016." Respondent did not

days of receiving such documents. The Chief Justice shall direct the lawyer to appear before the Supreme Court at a time certain, not less than ten (10) days after mailing of notice, and show cause, if any he/she has, why he/she should not be disciplined. The documents shall constitute the charge and shall be prima facie evidence the lawyer committed the acts therein described. The lawyer may submit a certified copy of transcript of the evidence taken in the trial tribunal of the other jurisdiction to support his/her claim that the finding therein was not supported by the evidence or that it does not furnish sufficient grounds for discipline in Oklahoma. The lawyer may also submit, in the interest of explaining his/her conduct or by way of mitigating the discipline which may be imposed upon him/her, a brief and/or any evidence tending to mitigate the severity of discipline. The General Counsel may respond by submission of a brief and/or any evidence supporting a recommendation of discipline.

**9.** 5 O.S.Supp.2015 Ch. 1, App. 1–A, R.G.D.P., Rule 7.7(b), *supra,* at note 8. The 2011 version of Rule 7.7(b) was amended by Order of the Court on Sept. 30, 2014. 2014 OK 82 (S.C.B.D. 6177). The amendment requires the General Counsel of the Oklahoma Bar Association to transmit documents showing respondent's adjudication of misconduct in another jurisdiction to this Court within five days of General Counsel receiving the documents. Compare the 2011 and 2015 versions of Rule 7.7(b). The Rule 7.7(b) procedure providing an opportunity for a respondent to appear and challenge the foreign adjudication, or ex-

file a response to this Court's order or enter an appearance. Respondent did not request a hearing.

■ ¶ 8 A lawyer accused of misconduct must be afforded due process, and given notice of the charges and a reasonable opportunity to be heard.[10] Complainant filed a notice of serving respondent a copy of the order of the Texas State Bar. This notice used respondent's roster address for the Oklahoma Bar Association. Complainant did not file any notice of serving respondent a copy of the Court's order directing respondent to show cause why a final order of discipline should not be entered.

■ ¶ 9 The rules of this Court require the Clerk of this Court to mail orders and notices to parties, including respondents in a lawyer discipline proceeding who have failed to make an appearance.[11] In a Rule 7.7 proceeding where a respondent has not made an appearance, this Court has used mail to the lawyer's Bar Association address as a method to provide notice of (1) an order directing the lawyer to respond why final discipline should not be entered, and (2) the order imposing final discipline.[12] This Court has held notice by mail to a lawyer's official roster address to be sufficient to satisfy due process.[13] A lawyer's failure to respond to the Bar's requests for information or the disciplinary complaint, or failure to appear at a disciplinary hearing does not prevent this Court from crafting an appropriate discipline.[14] A lawyer's failure to respond to this Court's order directing a Rule 7.7 response from the lawyer does not prevent this Court from entering an order of final discipline.

■ ¶ 10 Documents including a certified copy of an adjudication of professional misconduct in another jurisdiction which is transmitted to this Court "shall constitute the charge and shall be prima facie evidence the lawyer committed the acts therein described."[15] The documents provided to this Court by the complainant pursuant to Rule 7.7(b), and showing a two-year probated suspension constitute the charge and are prima facie evidence that respondent committed the acts described therein. A respondent has the burden of showing that the findings forming the basis of the suspension in the other jurisdiction were not supported by the evidence or that the findings are not sufficient grounds for discipline in Oklahoma.[16] Respondent did not meet her burden in this proceeding. The Texas judgment with its findings may be used in this proceeding as a basis to impose professional discipline.

■ ¶ 11 This Court's nondelegable and constitutional responsibility to regulate the practice of law and the licensure, ethics, and discipline of legal practitioners in this state is an exercise of this Court's original jurisdiction.[17] The responsibility of this Court in disciplinary proceedings is to inquire into and to gauge a lawyer's continued fitness to practice law, with a purpose of safeguarding the interest of the public, of the courts, and

---

plain his or her conduct and mitigate discipline remained unchanged by the 2014 amendment.

10. *State ex rel. Oklahoma Bar Ass'n v. Whitebook,* 2010 OK 72, ¶ 21, 242 P.3d 517, 522.

11. 12 O.S.Supp.2015 Ch. 15, App. 1, Okla. Sup. Ct. Rule 1.4(g)(2) (amended by Order, 2013 OK 67, eff. August 1, 2013): "Orders and notices required to be mailed to parties will be mailed on the date shown by the Clerk's file stamp unless otherwise indicated, and such date will serve as notice of the date of mailing." *See State ex rel. Oklahoma Bar Ass'n v. Offill, infra,* at note 12, and *State ex rel. Oklahoma Bar Ass'n v. Haave, infra,* at note 13 (notice to respondents by mail when they have failed to make an appearance).

12. *State ex rel. Oklahoma Bar Ass'n v. Offill,* 2014 OK 27, ¶¶ 2, 5, 324 P.3d 406, 407 (in addition to using respondent's official Bar Association roster address the Court also used respondent's address

for his incarceration when respondent failed to make an appearance in the proceeding).

13. *State ex rel. Oklahoma Bar Ass'n v. Haave,* 2012 OK 92, ¶ 13, 290 P.3d 747, 751 (notices were mailed to respondent's roster address in a proceeding where respondent did not make an appearance).

14. *State ex rel. Oklahoma Bar Ass'n v. Godlove,* 2013 OK 38, ¶ 2, 318 P.3d 1086, 1087–1088.

15. 5 O.S.Supp.2015 Ch. 1, App. 1–A, R.G.D.P., Rule 7.7 (b) at note 8 *supra.*

16. *State ex rel. Oklahoma Bar Ass'n v. Rymer,* 2008 OK 50, ¶ 4, 187 P.3d 725, 726.

17. *State ex rel. Oklahoma Bar Ass'n v. Wintory,* 2015 OK 25, ¶ 14, 350 P.3d 131, 135.

of the legal profession.[18] In reciprocal disciplinary proceedings, it is within the discretion of this Court to impose the same discipline as that imposed in the other jurisdiction or one of greater or lesser severity.[19] Discipline imposed by this Court should be consistent with that imposed by this Court for similar acts of misconduct.[20]

¶ 12 The Oklahoma Rules of Professional Conduct (O.R.P.C.), Rule 1.15, requires safekeeping of a client's funds that are in a lawyer's possession in connection with the lawyer's representation, as well as requiring the lawyer to provide notice of such possession to the client and third parties who have interests in those funds.[21] A lawyer has a fiduciary duty to properly manage funds entrusted to the lawyer's care, and where a lawyer violates that duty, this Court engages three levels of culpability, (1) commingling, (2) simple conversion, and (3) misappropriation.[22] The record in this proceeding is suffi-

cient to show respondent's commingling and conversion of funds belonging to a client and medical providers.[23] We have explained "This court has pronounced varying levels of discipline in matters involving mishandling of client funds. The disciplinary range has extended from censure to disbarment, depending in large part on the degree of harm to the client."[24] The disciplinary judgment directed respondent to make monthly installment payments for restitution to her client as conditions for her continued probation. There is no record before us concerning her repayment to her client.

¶ 13 In a reciprocal disciplinary proceeding based upon a previous Texas State Bar proceeding, we imposed a one-year suspension for a lawyer's conduct which included neglect of legal matters and failing to keep a client informed, and we explained such conduct by the lawyer were also violations of the Oklahoma Rules of Professional Conduct.[25] A

---

**18.** State ex rel. Oklahoma Bar Ass'n v. Albert, 2007 OK 31, ¶ 11, 163 P.3d 527, 532–533.

**19.** State ex rel. Oklahoma Bar Ass'n v. Wintory, 2015 OK 25, ¶ 23, 350 P.3d at 136, citing State ex rel. Oklahoma Bar Ass'n v. Knight, 2014 OK 71, ¶ 14, 330 P.3d 1216.

**20.** State ex rel. Oklahoma Bar Ass'n v. Mansfield, 2015 OK 22, ¶ 45, 350 P.3d 108, 122.

**21.** 5 O.S.2011 Ch. 1, App. 3–A, Rule 1.15, Safekeeping property, states in parts (a), (d) & (e):
(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the written consent of the client or third person.
(d) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.
(e) When in connection with a representation, a lawyer possesses funds or other property in which both the lawyer and another person claim interests, the funds or other property shall be kept separate by the lawyer until there is an accounting and severance of their interests. If a dispute arises concerning their respective inter-

ests, the portion in dispute shall be kept separate by the lawyer until the dispute is resolved, and the undisputed portion of the funds shall be promptly distributed.

**22.** State ex rel. Oklahoma Bar Ass'n v. Hill, 2012 OK 66, 281 P.3d 1264, 1273.

**23.** State ex rel. Oklahoma Bar Ass'n v. Meek, 1994 OK 118, 895 P.2d 692, 698 (commingling takes place when client monies are combined with the attorney's personal funds, and conversion occurs when a lawyer applies a client's money to a purpose other than that for which it was entrusted to the lawyer).

**24.** State ex rel. Oklahoma Bar Ass'n v. Combs, 2007 OK 65, ¶ 37, n. 57, 175 P.3d 340, 351–352 (note listing opinions imposing disbarment, suspensions two years and one day, four months, twelve months, and a public censure). See also State ex rel. Oklahoma Bar Ass'n v. Parsons, 2002 OK 72, 57 P.3d 865, (suspension for one year for commingling and conversion of funds by improperly taking money entrusted for a specific purpose and applying it toward a claimed attorney fee).

**25.** State ex rel. Oklahoma Bar Ass'n v. Knight, 2014 OK 71, ¶ 6, 330 P.3d 1216, 1219 (comparing the Texas provisions with those in Oklahoma, including O.R.P.C., Rules 1.1, 1.3, 1.4). See also State ex rel. Oklahoma Bar Ass'n v. Benefield, 2005 OK 75, 125 P.3d 1191 (although not a reciprocal discipline matter, the Court imposed a one-year suspension where lawyer's conduct included neglect and a failure to communicate).

lawyer violates the O.R.P.C. when a failure to supervise a nonattorney employee enables the employee to engage in the unauthorized practice of law by performing legal services without proper supervision by a licensed lawyer.[26] *See, e.g.,* O.R.P.C., Rules 5.3,[27] 5.5(a),[28] and 8.4(a).[29] A lawyer's neglect of legal matters pertaining to his or her client is a violation of the lawyer's ethical duties. For example, we recently imposed a suspension for two years and one day because of a lawyer's five counts of neglect of cases, failing to keep clients informed of the status of their cases, collecting and retaining fees for which little or no services were provided and failure to respond to the grievances.[30]

¶ 14 After Respondent's disciplinary proceeding in Texas, she was suspended by this Court from the practice law for her failure to comply with the requirements of Oklahoma's Mandatory Continuing Legal Education (M.C.L.E.) for the year 2015.[31] Complainant also argues respondent violated R.G.D.P., Rule 7.7(a) when she failed to notify the General Counsel of the Oklahoma Bar Association of the Texas disciplinary proceeding.[32]

¶ 15 In summary, respondent committed an act of commingling and conversion, neglected legal matters, failed to communicate with clients, failed to supervise an employee that resulted in the unauthorized practice of law, and failed to notify the General Counsel of her disciplinary proceeding. Suspensions for one year as well as two years and one day have been imposed for conduct involving neglect of legal matters, commingling and conversion, and failure to comply with a rule of disciplinary procedure. The Bar Association recommends that respondent be suspended from the practice of law for two years and one day. The appropriate discipline is a suspension for two years and one day.

### Conclusion

¶ 16 The Bar Association filed an application to assess its costs against respondent in the amount of sixty-six dollars and fifty-two cents ($66.52). In a proceeding pursuant to R.G.D.P., Rule 7, we have imposed the costs of the proceeding on the lawyer receiving professional discipline.[33] The Bar's motion to

---

**26.** *State ex rel. Oklahoma Bar Ass'n v. Martin,* 2010 OK 66, ¶¶ 12–14, 240 P.3d 690, 697–699.

**27.** 5 O.S.2011 Ch. 1, App. 3–A, O.R.P.C., Rule 5.3:

With respect to a nonlawyer employed or retained by or associated with a lawyer:
  (a) a partner, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer;
  (b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and
  (c) a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if:
  (1) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or
  (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

**28.** 5 O.S.2011 Ch. 1, App. 3–A, O.R.P.C., Rule 5.5 (a): "A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so."

**29.** 5 O.S.2011 Ch. 1, App. 3–A, O.R.P.C., Rule 8.4(a): "It is professional misconduct for a lawyer to: (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;"

**30.** *State ex rel. Oklahoma Bar Ass'n v. Reynolds,* 2012 OK 95, 289 P.3d 1283.

**31.** *In the Matter of the Suspension of Members of the Oklahoma Bar Association,* 2016 OK 64 (June 6, 2016), (Exhibit A).

We note complainant initially stated respondent had been suspended for nonpayment of dues in addition to failure to satisfy her M.C.L.E. requirements. Complainant subsequently withdrew its statement concerning respondent's nonpayment of her Bar dues as a factually incorrect statement.

**32.** 5 O.S.Supp.2015 Ch. 1, App. 1–A, R.G.D.P., Rule 7.7(a) note 8 *supra.*

**33.** *State ex rel. Oklahoma Bar Ass'n v. Demopolos,* 2015 OK 50, ¶ 40, 352 P.3d 1210, 1222.

assess costs is granted. Costs shall be paid within ninety (90) days from the date this opinion is final.[34]

¶ 17 Respondent shall comply with R.G.D.P., Rule 9, including notification to her clients within twenty (20) days of her inability to represent them. She shall "also file a formal withdrawal as counsel in all cases pending in any tribunal," and file an affidavit with the Professional Responsibility Commission and the Clerk of the Supreme Court stating respondent's compliance with R.G.D.P., Rule 9.1, with a list of clients notified and other State and Federal courts notified as required by that rule.

¶ 18 Respondent's license to practice law in Oklahoma is suspended for two years and one day from the date this opinion is final. Costs are granted against respondent in the amount of sixty-six dollars and fifty-two cents ($66.52).

¶ 19 CONCUR: COMBS, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, TAYLOR, COLBERT, and GURICH, JJ.

¶ 20 NOT PARTICIPATING: REIF, C.J.

---

34. *State ex rel. Oklahoma Bar Ass'n v. Demopo-* los, 2015 OK 50, ¶ 40, 352 P.3d at 1222.