OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WRIGHT

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WRIGHT
2023 OK 1
523 P.3d 1106
Case Number: SCBD-7318
Decided: 01/18/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 1, 523 P.3d 1106

 
 

STATE OF OKLAHOMA ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,
v.
KENNETH CARL WRIGHT, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY DISCIPLINE
PURSUANT TO RULES 7.2 AND 7.7 RULES
GOVERNING DISCIPLINARY PROCEEDINGS

¶0 The Oklahoma Bar Association initiated summary disciplinary proceedings against Respondent pursuant to Rules 7.2 and 7.7 of the Rules Governing Disciplinary Proceedings after he was disbarred by the Florida State Bar. Respondent has not provided any response or evidence to mitigate the severity of discipline. The Bar recommended the appropriate discipline was the same as that rendered in Florida, disbarment. After de novo review, this Court finds that Respondent is guilty of misconduct and the appropriate discipline is disbarment.

RESPONDENT DISBARRED

Tracy Pierce Nester, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant,

Kenneth Carl Wright, Orlando, Florida, Respondent.

OPINION

EDMONDSON, J.

¶1The Oklahoma Bar Association filed this reciprocal disciplinary proceeding after Respondent received attorney discipline from the State of Florida. The Respondent has not appeared or otherwise responded. The OBA recommends that Respondent be disbarred; there has been no request for the imposition of costs. We order that Respondent be disbarred.

Florida State Bar Proceeding

¶2 The Supreme Court of the State of Florida filed a disciplinary Complaint against Respondent, following his arrest and subsequent nolo contendere plea to a misdemeanor trespass charge, Case No. SC21-1216, The Florida Bar v. Kenneth Carl Wright. Wright failed to appear or otherwise respond in this Florida action. Although Respondent never formally appeared, his counsel recounted that Respondent lost his laptop computer, all forms of identification, traveled to Colorado for a period of time, and was homeless. It was alleged that at some point he was residing in Arizona. There was no indication that his official roster address was ever updated. On May 12, 2022, the Florida Supreme Court entered judgment disbarring Respondent effective immediately.

¶3 The misconduct giving rise to Respondent's disbarment includes the following four incidents:

1. Trespass -- Florida- Respondent was charged and entered a plea of Nolo Contendere to Trespass in an Occupied Structure (Refusal to Leave).[1] Florida police arrested Respondent suspected of shoplifting at a clothing store. He was sentenced to 24 days in the Orange County Jail with credit for 24 days served. Documents relating to the plea and sentence were filed with the Notice filed herein on September 2, 2022.

2. Burglary Arrest Colorado- Respondent was arrested in Denver, Colorado for Burglary in September, 2020. Security camera footage showed him trespassing with intent to commit theft by drinking alcohol belonging to a bar. He drank a large amount of alcohol valued at $150 as well as turning on the fryer. Respondent failed to appear for his court proceedings relating to this charge; he absconded and remains subject to a warrant for arrest and a fugitive from justice.

3. Ineligible to Practice Law in Florida - Respondent remains ineligible to practice law in Florida. In Case no. SC20-1613 (Fla. Jan. 12, 2021), Respondent failed to pay ordered administrative costs as required by the Supreme Court of Florida.

4. Failure to Pay Florida Bar Dues - Respondent failed to pay the Florida annual bar membership dues which were due on October 1, 2021.

¶4 Respondent was found guilty of violating the following Rules Regulating the Florida Bar:

3-4.3 Misconduct and Minor Misconduct. The standards of professional conduct required of members of the bar are not limited to the observance of rules and avoidance of prohibited acts, and the enumeration of certain categories of misconduct as constituting grounds for discipline are not all-inclusive nor is the failure to specify any particular act of misconduct be construed as tolerance of the act of misconduct. The commission by a lawyer of any act that is unlawful or contrary to honesty and justice may constitute a cause for discipline whether the act is committed in the course of the lawyer's relations as a lawyer or otherwise, whether committed within Florida or outside the state of Florida, and whether the act is a felony or a misdemeanor.

3-4.4 Criminal Misconduct. A determination or judgment by a court of competent jurisdiction that a member of The Florida Bar is guilty of any crime or offense that is a felony under the laws of that court's jurisdiction is cause for automatic suspension from the practice of law in Florida, unless the judgment or order is modified or stayed by the Supreme Court of Florida, as provided in these rules. The Florida Bar may initiate disciplinary action regardless of whether the respondent has been tried, acquitted, or convicted in a court for an alleged criminal misdemeanor or felony offense. The board may, in its discretion, withhold prosecution of disciplinary proceedings pending the outcome of criminal proceedings against the respondent. If a respondent is acquitted in a criminal proceeding that acquittal is not a bar to disciplinary proceedings. Likewise, the findings, judgment, or decree of any court in civil proceedings are not necessarily binding in disciplinary proceedings.

3-7.2 (e) Notice of Self-Reporting by Members of Determination or Judgment of Guilt of All Criminal Charges. A member of the Florida Bar must provide a copy of the document(s) entering a determination or judgment for any criminal offense against that member entered on or after August 1, 2006 to the executive director within 10 days of its entry.

4-8.4(b) A lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.

¶5 Respondent's crimes were found to be an embarrassment to the legal profession and the type to elicit public ridicule. It was also noted that Respondent was ineligible to practice law for violation of other rules and Orders of the Florida Supreme Court. Further, Respondent never acknowledged his wrongful conduct, despite being a long-tenured member of the Florida Bar. After considering aggravating and mitigating factors, Respondent was found guilty of misconduct justifying discipline by immediate disbarment and payment of the costs in the Florida Bar proceedings.

Oklahoma Discipline

¶6 Respondent was admitted to the OBA on October 14, 1982, membership number 9916. In a prior Order by this Court, he was stricken from the Membership Rolls pursuant to the Order Striking Names dated October 4, 2021, for failure to pay OBA membership dues for the year 2020. (SCBD No. 6971, 2021 OK 48). Respondent's official roster address is 121 S. Orange Ave., Suite 1500, Orlando, FL 32801.

¶7 Respondent failed to notify the OBA of the Florida discipline or of his criminal arrests and plea. The OBA filed a Notice of Criminal Conviction and Disciplinary Action in Another Jurisdiction on September 2, 2022, initiating this summary disciplinary proceeding pursuant to Rules 7.2 and 7.7 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. 2011 ch. 1, app. 1-A.

¶8 Respondent has not appeared or filed any responsive pleading in this matter. The Bar Association recommended disbarment as the appropriate discipline in Oklahoma. Respondent was required to notify the OBA within 20 days of the Florida discipline order that he was disbarred effective May 12, 2022. Rule 7.7(a), RGDP. He failed to provide this notice. Failure to report is grounds for discipline. Id. Respondent's disbarment by the Supreme Court of Florida "shall constitute the charge and shall be prima facie evidence the lawyer committed the acts therein described." Rule 7.7(c), RGDP.

¶9 On September 21, 2022, this Court ordered Respondent to respond by November 4, 2022 to show cause in writing why a final order of discipline should not be imposed, to request a hearing, or to file a brief and any evidence tending to mitigate the severity of discipline. The Order was forwarded to Respondent at his official roster address, but it was returned to the Court Clerk's office and stamped as "return to sender- not deliverable as addressed- unable to forward." The Order was mailed to the only address provided by Respondent as his official roster address. Respondent has not filed any response in this disciplinary matter. On November 7, 2022, we entered an Order Denying Immediate Interim Suspension noting that Respondent was currently stricken from the rolls of attorneys for failure to pay his OBA dues for the year 2020 and finding it "appears to be in the interest of justice for this Court to decline to enter an immediate interim suspension." On December 13, 2022, we entered an Order noting that an exhibit (Florida criminal proceeding) attached to the OBA's initial Notice reflected an address for Respondent that differed from his official roster address. The Court Clerk was directed to also send the listed pleadings and all Orders to respondent as follows: Kenneth Carl Wright, 644 N. Knowles Ave., Unit 10, Winter Park, Florida 32789. Respondent was given until January 10, 2023 to enter an appearance or respond to the disciplinary charges against him. The OBA filed a subsequent Proof of Attempted Mailing noting that it also mailed pleadings to Winter Park, Florida, and they were returned as being undeliverable and stamped "ATTEMPTED -- NOT KNOWN". The Court Clerk noted on the docket entry that the mailing to this address was also returned to sender- not deliverable as addressed- unable to forward. Notice by mail to a lawyer's official roster address is sufficient to satisfy due process. State ex rel. Okla. Bar Ass'n. v. Knight, 2018 OK 52, ¶ 2, 421 P.3d, 299, 301; State ex rel. Okla. Bar Ass'n. v. Gaines, 2016 OK 80, ¶ 9, 378 P.3d 1212.

¶10 The OBA filed a formal recommendation of discipline of disbarment. In support of this recommendation, the OBA noted the following: (1) Respondent is currently stricken from the rolls of attorneys for failure to pay membership dues for the year 2020 (SCBD 6971, 2021 OK 48); (2) Respondent has a misdemeanor criminal conviction in Florida; (3) Respondent has been disbarred in Florida; (4) Respondent failed to notify this Court of the final discipline in Florida, violating Rule 7.7(a), RGDP; and (5) He has failed to appear or respond in this disciplinary proceeding.

¶11 We agree with the OBA, Respondent's conduct in Florida violates the Oklahoma Rules of Professional Conduct, 5 O.S. 2021, ch. 1, app.3-A, Rule 8.4(a) for misconduct generally, and Rule 7.7, RGDP.

¶12 Respondent's failure to notify the OBA of the Florida discipline and failure to respond to this Court's Order of September 21, 2022, demonstrate "a total lack of respect for this Court and the process and rules that protect the public from errant lawyers." State ex rel. Okla. Bar Ass'n. v. Godlove, 2013 OK 38, ¶ 25, 318 P.3d 1086. The preamble to the Oklahoma Rules of Professional Conduct outlines that a lawyer "should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials."

¶13 This Court exercises exclusive original jurisdiction to carry out its nondelegable responsibility to discipline lawyers and to regulate the practice of law in order to safeguard the interests of the public, the judiciary and the legal profession. State ex rel. Oklahoma Bar Ass'n v. Shofner, 2002 OK 84, ¶ 5, 60 P.3d 1024, 1026. We exercise de novo review with respect to every aspect of a disciplinary inquiry. Cooley, 2013 OK 42, ¶ 4, 304 P.3d at 454. The professional discipline imposed is based upon the respondent's conduct, any prior history of respondent's professional misconduct, and the discipline imposed upon other lawyers for similar acts of misconduct. State ex rel. Oklahoma Bar Ass'n v. Smith, 2016 OK 19, ¶ 36, 368 P.3d 810, 818. Respondent's failure to pay his bar dues in 2020, criminal plea agreement to a Florida misdemeanor trespass charge, Colorado burglary charges, and disbarment by the Florida Supreme Court all reflect his inability to practice law and a blatant disregard for the disciplinary process and present a danger to the interests of the public, the courts and the legal profession. State ex rel. Okla. Bar Ass'n. v. Knight, 421 P.3d 299, 2018 OK 52.

¶14 Kenneth Carl Wright is hereby disbarred upon the date this opinion becomes final. The Complainant did not file an application to recover costs of this disciplinary proceeding; therefore, no costs are assessed.

RESPONDENT DISBARRED.

ALL JUSTICES CONCUR

FOOTNOTES

[1] State of Florida vs. Kenneth Carl Wright, Case No. 2020-MM-001947-A-0 in the County Court of the Ninth Judicial Circuit in and for Orange County, Florida.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2023 OK 90, 
OIL VALLEY PETROLEUM v. MOORE
Cited

 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2002 OK 84, 60 P.3d 1024, 
STATE ex. rel. OKLAHOMA BAR ASS'N v. SHOFNER
Discussed

 
2013 OK 38, 318 P.3d 1086, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GODLOVE
Discussed

 
2013 OK 42, 304 P.3d 453, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. COOLEY
Cited

 
2016 OK 19, 368 P.3d 810, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SMITH
Discussed

 
2016 OK 80, 378 P.3d 1212, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GAINES
Discussed

 
2018 OK 52, 421 P.3d 299, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KNIGHT
Discussed at Length

 
2021 OK 48, 
IN THE MATTER OF THE STRIKING OF NAMES OF MEMBERS OF THE OKLAHOMA BAR ASSOCIATION
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA