OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. O'LAUGHLIN

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. O'LAUGHLIN
2016 OK 56
Case Number: SCBD-6319
Decided: 05/24/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 56, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
FREDERICK J. O'LAUGHLIN, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY DISCIPLINE

¶0 Pursuant to Rule 7.7 of the Oklahoma Rules Governing Disciplinary Proceedings, 5 O.S.2011, ch. 1, app. 1-A, the Oklahoma Bar Association transmitted to the Chief Justice the resignation in lieu of disciplinary proceedings in the state of Texas for Respondent Frederick J. O'Laughlin. O'Laughlin argued his actions did not involve the practice of law, preventing this Court from imposing reciprocal discipline.

RESPONDENT DISBARRED.

Katherine M. Ogden, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.
Frederick J. O'Laughlin, Dallas, Texas, pro se.

Taylor, J.

¶1 The Oklahoma Bar Association (OBA) instituted this disciplinary proceeding under Rule 7.7 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A, after the state of Texas accepted respondent Frederick J. O'Laughlin's Motion for Acceptance of Resignation as Attorney at Law in Lieu of Disciplinary Action (Motion to Resign).[1] The state of Texas canceled O'Laughlin's law license and removed him from the roll of attorneys.

I. PROCEDURAL HISTORY

¶2 The State Bar of Texas (Texas Bar) had three complaints of professional misconduct pending, each claiming O'Laughlin failed to file personal and business tax returns for the complainants extending over a period of 5 years. The Texas Bar notified O'Laughlin of the first complaint on June 30, 2014. The complaint detailed a failure to file five years of tax returns and to respond to the client's request for his tax documents.[2] The second complaint alleged O'Laughlin had been hired to file a tax return and correct a late filing of a corporate tax return. O'Laughlin failed to respond to the complaint and failed to timely file the tax returns.[3] The third complaint described similar misconduct, failure to prepare and file tax returns for three years and failure to respond to the client's requests for documents and information.[4] O'Laughlin did not respond to either the first or third complaint. The Texas Bar alleged that O'Laughlin's conduct violated Rules 1.01(b)(1), 1.03(a), 1.14(b), 1.15(d), and 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct (TDRPC), Texas Govt. Code T.2, subt. G, app. A, art. X, § 9 (West 2015).

¶3 In late 2014, the Texas Bar began disciplinary discussions with O'Laughlin. From the record, notice of the third complaint was received by O'Laughlin after disciplinary discussions had begun. On March 23, 2015, O'Laughlin signed the Motion to Resign, requesting that the Supreme Court of Texas accept his resignation from the practice of law: "Applicant is voluntarily resigning and withdrawing from the practice of law and does so in lieu of discipline."

¶4 The Texas Bar filed a response to O'Laughlin's Motion to Resign, following the Texas State Rules of Disciplinary Procedure (TRDP), Texas Govt. Code T.2, subt. G, app. A-1, on March 31, 2015. The Texas Bar detailed each allegation of misconduct and each rule of the TDRPC the misconduct violated. The Texas Bar asked the Supreme Court of Texas to accept O'Laughlin's resignation in lieu of discipline. The Supreme Court of Texas entered a final order on April 28, 2015, accepting O'Laughlin's resignation in lieu of discipline. The final order deemed "the professional misconduct detailed in the Response conclusively established for all purposes."

¶5 Approximately one month later, O'Laughlin filed what he referred to as an objection to the Supreme Court of Texas' final order, Withdrawal of Motion for Acceptance of Resignation as Attorney and Counselor at Law (Withdrawal of Motion). O'Laughlin alleges he executed the Withdrawal of Motion on May 22, 2015, but O'Laughlin has not provided this Court with a file-stamped copy. In the Supreme Court of Texas' physical record filed with this Court, the Withdrawal of Motion is not included, only an affidavit O'Laughlin attached to the Withdrawal of Motion.[5]

¶6 Pursuant to Rule 7.7 of the RGDP, the OBA notified this Court of O'Laughlin's resignation in lieu of discipline in Texas on October 14, 2015, as O'Laughlin was a member of the OBA. A week later, this Court ordered O'Laughlin to detail his failure to give notice of the Texas discipline pursuant to Rule 7.7 of the RGDP and gave him notice to show why a final order of discipline should not be imposed by this Court or to request a hearing to present such evidence. On November 19, 2015, O'Laughlin filed a Response to the Order to Show Cause, explaining that he was a Certified Public Accountant and arguing that all three complaints against him did not involve providing legal services to clients. He also argued that because of his pending motion before the Supreme Court of Texas, this Court should stay any disciplinary proceedings until Texas issued a final ruling. He did not request a hearing. He did not otherwise show his conduct was not grounds for discipline in Oklahoma.

¶7 O'Laughlin supplemented his response, pointing out that the United States Court of Appeals for the Fifth Circuit stayed disciplinary proceedings upon receipt of the Withdrawal of Motion pending the outcome in Texas. This Court again ordered O'Laughlin to submit a file-stamped certified copy of his Withdrawal of Motion and an affidavit from the Court Clerk of the Supreme Court of Texas on the current status of his Texas disciplinary proceeding. This Court also ordered O'Laughlin to explain how his Withdrawal of Motion and objection were viable in view of the Texas order entered on April 28, 2015.

¶8 O'Laughlin responded on January 25, 2016. He included the entire docket for his Texas disciplinary case as certified by the Clerk of the Supreme Court of Texas. O'Laughlin did not include an affidavit from the Texas court clerk explaining the current state of his disciplinary proceedings, nor did he explain how his Withdrawal of Motion was viable after the Supreme Court of Texas entered its order on April 28, 2015. We now review the record in light of O'Laughlin's resignation from the Texas Bar.

II. TEXAS DISCIPLINE

¶9 Pending discipline in Texas, O'Laughlin followed Rule 10 of the TRDP and tendered his resignation from the Texas Bar in lieu of discipline. The Supreme Court of Texas accepted O'Laughlin's resignation. According to Rule 10.05 of the TRDP, a resignation in lieu of discipline "shall be treated as a disbarment for all purposes." TRDP 10.05, Texas Govt. Code T.2, subt. G, app. A-1. When an attorney resigns in lieu of disciplinary proceedings in another jurisdiction, this Court views the allegations of misconduct as prima facie evidence the attorney committed the misconduct, and the misconduct is conclusively established where it is not rebutted. RGDP 7.7, 5 O.S.2011, ch. 1, app. 1-A; see State of Okla. ex rel. OBA v. Wagnon, 2004 OK 78, ¶ 4, 104 P.3d 571, 572. O'Laughlin possessed a full and fair opportunity to litigate the Texas complaints. He voluntarily and with full knowledge of the consequences chose to resign rather than challenge the allegations against him. Thus, those allegations became conclusively established in Texas, and he does not challenge them here. O'Laughlin does challenge our jurisdiction to confer punishment on misconduct for an attorney handling tax returns and challenges the actions of the Texas Bar and the Supreme Court of Texas. We address each in turn.

¶10 We have the authority to adjudicate misconduct committed in other jurisdictions. Rule 8.5(a), Okla. Rules of Professional Conduct (ORPC), 5 O.S.2011, ch. 1, app. 3-A. We cannot ignore disciplinary proceedings in sister states. We are not required "to give preclusive effect to an order of a sister-state court imposing professional discipline"; the facts that are the basis for the attorney discipline are not relitigated, but review of the facts is limited to a review of the evidence presented in the other disciplinary proceeding. See State ex rel. OBA v. Heinen, 2002 OK 81, ¶ 7, 60 P.3d 1018, 1020; State ex rel. OBA v. Patterson, 2001 OK 51, ¶ 6, 28 P.3d 551, 554-55.

¶11 O'Laughlin chooses not to acknowledge any misconduct, and he shows no remorse for the wrongs done to his clients. Instead, O'Laughlin argues that his misconduct did not involve the practice of law; and therefore, this Court cannot impose discipline. O'Laughlin contends that Canaday v. United States, 354 F.2d 849, 857 (8th Cir. 1966), stands for the proposition that the preparations of tax returns by an attorney are not the practice of law. Not only is Canaday not binding on this Court, but also it does not stand for what O'Laughlin claims. The Canaday Court was analyzing the attorney-client privilege in the context of a federal Fourth Amendment issue. It held that an attorney-client relationship was not established between attorney and client, and therefore "any communications to [attorney] or documents in his custody were not subject to the [attorney-client] privilege" and the tax returns were admissible evidence in a criminal proceeding. Id. at 857. We do not examine the preparation of tax returns in the criminal-evidentiary context, but instead in light of the ORPC and our jurisprudence.

¶12 The ORPC encompass nonlegal work completed by attorneys that when completed by nonattorneys would not be considered the practice of law. ORPC Rule 5.5(c)(4) permits an attorney to practice on a temporary basis in a jurisdiction which he or she is not admitted to practice. Comment 13 to the Rule indicates that this work includes "both legal services and services that nonlawyers may perform but that are considered the practice of law when performed by lawyers." Nonlegal work performed by lawyers can be governed by the ORPC.

¶13 As far back as 1953, the OBA has viewed filing income tax returns as practicing law. Advisory Opinion No. 166, OBA Legal Ethics Committee (Jan. 14, 1953), 1953 WL 11882. Quoting the American Bar Association, the Legal Ethics Committee stated as follows:

The fact that a layman can lawfully render certain services does not necessarily mean that it would be professional service when rendered by a lawyer. On the contrary, lawyers are frequently called upon to render such service for the very reason that it can be better rendered by a lawyer.

Id. at *2. The Committee concluded that "[w]hen a lawyer, be he judge or not, accepts employment to prepare income tax returns, he is accepting employment AS A LAWYER and in the preparation of those returns and the submission of them to his client he is practicing law." Id. at *3.

¶14 We agree with the Legal Ethics Committee. O'Laughlin accepted employment to file years of tax returns for clients. He represented himself as an attorney to the public. The complainants referenced O'Laughlin as being a tax attorney. Despite his arguments to the contrary, O'Laughlin was performing work as an attorney.

¶15 O'Laughlin's arguments about the Texas Bar and Supreme Court of Texas during his disciplinary proceeding are concerning. O'Laughlin claims that the Texas disciplinary proceeding is still ongoing. He supports his assertion by citing the Withdrawal of Motion filed on May 22, 2015. That date is almost one month after the Supreme Court of Texas entered a final order accepting O'Laughlin's resignation in lieu of discipline, April 28, 2015. According to Texas rules, an attorney has ten days to withdraw a motion for resignation in lieu of discipline after the attorney has been served the Texas Bar's response. TRDP 10.02, Texas Govt. Code T.2, subt. G, app. A-1. The Texas Bar filed its response on March 31st, and O'Laughlin was served on the same date. Almost two months later, O'Laughlin took action, well past the allotted time to withdraw his motion. According to TRDP Rule 10.02, "[i]f a motion to withdraw is not timely filed, the detailed statement of Professional Misconduct shall be deemed to have been conclusively established for all purposes." Id. O'Laughlin failed to withdraw his resignation within the ten allotted days, and he fails to explain or provide any relevant rule that allows him to circumvent TRDP Rule 10.02. We find no merit in O'Laughlin's continuing objection via his Withdrawal of Motion due to TRDP Rule 10.02 and the Supreme Court of Texas taking no action on the Withdrawal of Motion for over a year and a half and counting. O'Laughlin acknowledged the Texas rules he resigned under when he submitted his request to resign. We hold him accountable for his knowledge of those rules and his neglect.

¶16 Even if O'Laughlin's attempt to withdraw his request to resign from the Texas Bar were a valid procedural vehicle, O'Laughlin did not provide any evidence that he actually filed it with the Supreme Court of Texas. A file-stamped Withdrawal of Motion is absent from the record. When directed by this Court to submit a file-stamped copy of the Withdrawal of Motion or explain his failure to do so, O'Laughlin failed to provide any evidence or argument.[6]

¶17 We view these actions by O'Laughlin as a method to flaunt the legal system and avoid discipline. In his January 25th response, O'Laughlin claims that the Texas Bar's attorney never represented to him that there were findings that would be conclusively established when he resigned in lieu of discipline. Texas' disciplinary rules contradict his claim. He argues now that this proceeding was obtained by fraud. Again, we find no merit to O'Laughlin's argument. For purposes of Rule 7.7 of the RGDP, O'Laughlin's resignation in lieu of discipline is valid, and the Supreme Court of Texas' order accepting his resignation is final.

¶18 O'Laughlin does not challenge the evidence or underlying facts in this Court, despite being allowed an opportunity to explain the circumstances or present mitigating evidence. If true as O'Laughlin admitted, the facts of the three grievances filed by O'Laughlin's clients alone are sufficient to warrant discipline. Having failed to challenge the factual allegations, this Court upholds the conclusive establishment of the misconduct underlying O'Laughlin's resignation in lieu of discipline in Texas. Discipline in Oklahoma is warranted.

III. DISCIPLINARY SANCTIONS

¶19 The OBA has alleged that O'Laughlin's misconduct violated Rules 1.1 (competence),[7] 1.3 (diligence),[8] 1.4(a)(3)-(4) (communication),[9] 3.2 (expediting litigation),[10] 1.15(d) (return of unearned funds),[11] and 1.16(d) (return of client's papers and property)[12] of the ORPC and Rule 5.2 of the RGDP.[13]

¶20 Rules 1.1, 1.3, 1.4(a)(3)-(4), and 3.2 of the ORPC can be analyzed together here. In State ex rel. OBA v. Johnston, 1993 OK 91, ¶ 28, 863 P.2d 1136, 1145, we summarized Rules 1.1, 1.3, and 1.4 as rules that all relate to professional competence. Rule 3.2 fits squarely within them as well.

Acting promptly on a matter and communication with a client . . . is a mandatory obligation imposed upon attorneys. Albeit high, this obligation is the minimum we expect from a lawyer. It epitomizes professionalism. Anything less is a breach of a lawyer's duty to serve his client. [An attorney's] failure to maintain these standards--through procrastination and neglectful behavior--warrants imposition of disciplinary sanction.

Id. ¶ 28, 863 P.2d at 1145. In State ex rel. OBA v. Bolusky, 2001 OK 26, ¶ 4, 23 P.3d 268, 272, the attorney failed to expedite a case for years which led to its dismissal for failure to prosecute. The matter was reinstated and the client eventually got relief with new counsel, but the attorney's actions amounted to misconduct under Rules 1.1, 1.3, and 1.4. Id. Here, O'Laughlin failed in his minimum obligations of professionalism, failing to act for years (or even at all) and failing to communicate with his clients. O'Laughlin failed to file numerous tax returns for three clients and he failed to communicate with each of his clients. We agree with the OBA that O'Laughlin's actions violate Rules 1.1, 1.3, 1.4(a)(3)-(4), and 3.2 of the ORPC.

¶21 Rule 1.15(d) of the ORPC requires a lawyer "to refund advance fees not earned" and "do so in a timely manner." State ex rel. OBA v. Sheridan, 2003 OK 80, ¶ 35, 84 P.3d 710, 717. In Sheridan, after the attorney was fired for work he failed to do by multiple clients, it took him over a year to return fees he had not earned and in one case, had not repaid a client until he agreed to do so at the PRT hearing. Id. Here, one client paid $2,400 to O'Laughlin to complete three years of tax returns. O'Laughlin never filed the returns, and he failed to respond to the client regarding the failure to file the tax returns. No evidence exists in the record that O'Laughlin repaid his clients for services he failed to render. What is conclusively established is that O'Laughlin had not repaid his clients when disciplinary proceedings were initiated in Texas. When given the opportunity to present mitigating evidence, O'Laughlin did not present any evidence that he had returned fees clearly not earned. We agree with the OBA that O'Laughlin violated Rule 1.15(d) of the ORPC.

¶22 One thing Rule 1.16(d) of the ORPC seeks to prevent is the withholding of client papers and property after termination. In Bolusky, the attorney knew that he had been fired by the client, and he had received a request for the file from a new attorney, but he failed to deliver the client's files until the OBA deposed the attorney. 2001 OK 26, ¶¶ 4-5, 23 P.3d at 272. The Court ruled that the "evidence [was] clear that Respondent violated Rule 1.16(d)." Id. ¶ 5, 23 P.3d at 272. Here, O'Laughlin failed to return files and documents after those documents were requested by his clients when his representation was terminated. He returned one client's documents only after numerous phone calls and appointments, and it appears from the record, he has not returned his other two clients' documents despite numerous requests. We agree with the OBA that O'Laughlin violated Rule 1.16(d) of the ORPC.

¶23 The OBA has alleged O'Laughlin violated RGDP Rule 5.2 as he did not respond to the Texas complaints filed against him with the Texas Bar. Rule 5.2 requires a written response to allegations of misconduct from the OBA within twenty days of service of the grievance. RGDP 5.2, 5 O.S.2011, ch. 1, app. 1-A. If a lawyer fails to respond within twenty days, he or she has violated the rule and independent grounds exist for imposing discipline. Bolusky, 2001 OK 26, ¶ 11, 23 P.3d at 274; State ex rel. OBA v. Brewer, 1999 OK 101, ¶ 11, 998 P.2d 605, 609. We cannot find a violation of Rule 5.2 here as no allegation of misconduct was sent to O'Laughlin from the OBA General Counsel as Rule 5.2 requires. Grievances were sent to O'Laughlin by the Texas Bar. The Court is proceeding under Rule 7.7, reciprocal discipline. As there were no grievances, but instead discipline from the Supreme Court of Texas, we do not agree with the OBA.[14]

¶24 O'Laughlin did fail to report the Texas discipline to the OBA General Counsel. Rule 7.7 of the RGDP places the duty upon all attorneys to report discipline imposed upon him or her within twenty days to the OBA. RGDP 7.7, 5 O.S.2011, ch. 1, app. 1-A. Failure to report is grounds for discipline. Id. O'Laughlin violated Rule 7.7 of the RGDP.

¶25 To determine the appropriate discipline, we consider the current misconduct, past misconduct and discipline, and the purposes of discipline. State ex rel. OBA v. Knight, 2014 OK 71, ¶ 11, 330 P.3d 1216, 1220. We have considered the current misconduct. O'Laughlin has no prior reported misconduct or discipline. We turn to the other considerations. The purposes of attorney discipline are to protect the public and the judiciary, to preserve the integrity of the bar, and to deter similar misconduct by the attorney being disciplined and other members of the bar. Id. O'Laughlin has shown a complete lack of remorse, failing to admit wrongdoing, failing to make amends with his clients, challenging this Court's jurisdiction to issue discipline, and baselessly attacking the integrity of the Texas Bar and Texas judiciary. Along with his current misconduct, O'Laughlin's actions before us show a lack of respect for all, this Court, the Supreme Court of Texas, the Texas Bar, and his clients. And his failure to even acknowledge his misconduct presents a danger to the public which we must prevent.

¶26 "In a reciprocal disciplinary proceeding, it is within this Court's discretion to visit the same discipline as that imposed in the other jurisdiction or one of greater or lesser severity." State ex rel. OBA v. Kleinsmith, 2013 OK 16, ¶ 4, 297 P.3d 1248, 1250. This Court has imposed discipline for neglect of a client's matters, and the discipline has ranged from a public censure to two years' suspension. See Knight, 2014 OK 71, ¶ 14, 330 P.3d at 1220. O'Laughlin's treatment of his clients is troubling, violating Rules 1.1, 1.3, 1.4(a)(3)-(4), 1.15(d), 1.16(d), and 3.2 of the ORPC and Rule 7.7 of the RGDP. But it is not only just his neglect of his clients to consider. O'Laughlin's actions after his misconduct does not show that he has taken responsibility for the harm he caused his clients. The OBA asks for a thirty to sixty day suspension. His misconduct and his representations before this Court warrant stricter discipline. We therefore disbar him.

¶27 O'Laughlin is disbarred effective the date this Order becomes final. It shall also be a condition of reinstatement that O'Laughlin refund any unearned fees owed to any client and reimburse the Client Security Fund if restitution has been made on his behalf. Finally, O'Laughlin is ordered to comply with Rule 9 of the RGDP.

RESPONDENT DISBARRED.

CONCUR: Reif, C.J.; Combs, V.C.J.; and Kauger, Winchester, Edmondson, Taylor, Colbert, and Gurich, JJ.

CONCURS IN RESULT: Watt, J.

FOOTNOTES

[1] Rule 7.7 of the RGDP states as follows:

When a lawyer has been adjudged guilty of misconduct in a disciplinary proceeding, except contempt proceedings, by the highest court of another State or by a Federal Court, the General Counsel of the Oklahoma Bar Association may cause to be transmitted to the Chief Justice a certified copy of such adjudication and the Chief Justice shall direct the lawyer to appear before the Supreme Court at a time certain, not less than ten (10) days after mailing of notice, and show cause, if any he/she has, why he/she should not be disciplined. The documents shall constitute the charge and shall be prima facie evidence the lawyer committed the acts therein described. The lawyer may submit a certified copy of the transcript of the evidence taken in the trial tribunal of the other jurisdiction to support his/her claim that the finding therein was not supported by the evidence or that it does not furnish sufficient grounds for discipline in Oklahoma. The lawyer may also submit, in the interest of explaining his/her conduct or by way of mitigating the discipline which may be imposed upon him/her, a brief and/or any evidence tending to mitigate the severity of discipline. The General Counsel may respond by submission of a brief and/or any evidence supporting a recommendation of discipline.

[2] The Texas Bar summarized the first complaint as follows:

In 2008, Complainant . . . hired O'Laughlin to prepare his personal and business tax returns. [Complainant] has been contacted by the Internal Revenue Service and informed no tax returns were filed for 2009 through 2013. O'Laughlin failed to respond to [Complainant]'s requests for copies of his tax returns and the return of his tax documents for 2009 through 2013.

On June 30, 2014, notice and a copy of the complaint were delivered to O'Laughlin via certified mail, return receipt requested. The notice directed O'Laughlin to file a written response to the complaint within thirty (30) days of receipt of the notice; however, O'Laughlin failed to timely furnish a response to the complaint or timely assert a privilege or other legal ground for his failure to do so.

[3] The Texas Bar summarized the second complaint as follows:

In January 2013, Complainant . . . retained O'Laughlin to prepare his 2012 personal and corporate tax returns and address the late filing of his 2011 corporate tax return and other tax arrearages. Thereafter, O'Laughlin failed to respond to [Complainant]'s requests for information regarding the tax matters. O'Laughlin admitted he failed to timely file [Complainant]'s 2012 personal tax return.

[4] The State Bar of Texas summarized the third complaint as follows:

Complainant . . . paid O'Laughlin $2,400 to prepare personal and business income tax returns for 2010, 2011, and 2012. The tax returns were not filed. [Complainant] has been contacted by Internal Revenue Service regarding the unfiled tax returns. O'Laughlin failed to respond to [Complainant]'s multiple requests for information regarding his tax returns.

On January 20, 2015, notice and a copy of the complaint were delivered to O'Laughlin via certified mail, return receipt requested. The notice directed O'Laughlin to file a written response to the complaint within thirty (30) days of receipt of the notice, O'Laughlin failed to timely furnish a response to the complaint or timely assert a privilege or other legal ground for his failure to do so.

[5] The affidavit states as follows:

Frederick J. O'Laughlin hereby states his objection to the Order of the Supreme Court Miscel Docket Number 15-9066. In support thereof, Mr. O'Laughlin hereby objects to the language in the Order that state [sic] the misconduct detailed in the Response is conclusively established for all purposes. Mr. O'Laughlin moved this Court for the Acceptance of Resignation as Counsel and Counsel at Law under the understanding through the action and actions of opposing counsel that there would be no evidentiary finding of fact by the Court in the matter and that the Motion was more in the nature of a plea of no contest. Mr. O'Laughlin does contest the finding of misconduct because of the fact that no legal matter was the subject of the work performed by the three complaints. That is, no legal matter was neglected only accounting matters. If it is the finding of this Court that legal matters were neglected, then Mr. O'Laughlin is prepared and willing to contest this matter.

The Affidavit is neither signed nor notarized, but it is filed-stamped.

[6] The only document available in the Texas court record is an unsigned affidavit that O'Laughlin claims he filed with his Withdrawal of Motion. The affidavit seeks no relief but only states an objection to a final order.

[7] Rule 1.1 of the ORPC provides the following: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation."

[8] Rule 1.3 of the ORPC provides the following: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[9] Rule 1.4(a) of the ORPC provides:

(a) A lawyer shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;

(2) reasonable consult with the client about the means by which the client's objectives are to be accomplished;

(3) keep the client reasonably informed about the status of the matter;

(4) promptly comply with reasonable requests for information; and;

(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional conduct or other law.

[10] Rule 3.2 of the ORPC provides the following: "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

[11] Rule 1.15(d) of the ORPC provides the following:

(d) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

[12] Rule 1.16(d) of the ORPC provides the following:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expenses that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[13] Rule 5.2 of the RGDP concerns investigations by the OBA general counsel. Once a grievance has been filed with the OBA, the general counsel must either notify the attorney the allegations of the grievance are inadequate or incomplete or

(2) file and serve a copy of the grievance . . . upon the lawyer, who shall thereafter make a written response which contains a full and fair disclosure of all the facts and circumstances pertaining to the respondent lawyer's alleged misconduct unless the respondent's refusal to do so is predicated upon expressed constitutional grounds. Deliberate misrepresentation in such response shall itself be grounds for discipline. The failure of a lawyer to answer within twenty (20) days after service of the grievance (or recital of facts or allegations), or such further time as may be granted by the General Counsel, shall be grounds for discipline.

[14] One of the clients who sent a complaint to the State Bar of Texas also sent a complaint to the OBA, as he was an Oklahoma attorney. O'Laughlin has submitted the complaint filed with the OBA and his response when the General Counsel sent the complaint to him. The OBA took no action after O'Laughlin's response.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1993 OK 91, 863 P.2d 1136, 64 OBJ 2082, State ex rel. Oklahoma Bar Ass'n v. Johnston
Discussed
 2001 OK 26, 23 P.3d 268, 72 OBJ 832, STATE ex. rel. OKLAHOMA BAR ASSN. v. BOLUSKY
Discussed at Length
 2001 OK 51, 28 P.3d 551, 72 OBJ 1921, STATE ex. rel. OKLAHOMA BAR ASSN. v. PATTERSON
Discussed
 2002 OK 81, 60 P.3d 1018, STATE ex. rel. OKLAHOMA BAR ASS'N v. HEINEN
Discussed
 2003 OK 80, 84 P.3d 710, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SHERIDAN
Discussed
 2004 OK 78, 104 P.3d 571, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WAGNON
Discussed
 2013 OK 16, 297 P.3d 1248, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KLEINSMITH
Discussed
 2014 OK 71, 330 P.3d 1216, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KNIGHT
Discussed at Length
 1999 OK 101, 998 P.2d 605, 71 OBJ 13, State ex. rel. Oklahoma Bar Association v. Brewer
Discussed