COMBS, C.J.:
 

 I. Procedural History
 

 ¶ 1 The Respondent, David William Knight, was licensed to practice law in the State of Texas and Oklahoma. In 2017, a Texas bar disciplinary action was commenced in the Supreme Court of the State of Texas (Misc. Docket No. 17-9143). Knight filed a Motion For Acceptance Of Resignation As Attorney And Counselor At Law in the State of Texas in lieu of disciplinary action. The Chief Disciplinary Counsel of the State Bar of Texas filed a response to the motion wherein detailed allegations were made of Knight's professional misconduct and a recommendation was made to accept Knight's resignation. Knight also filed an acknowledgment of receipt of the response and waived the ten-day period for withdrawing his motion to resign. The acknowledgment also expressly stated Knight had reviewed the response in its entirety. On November 30, 2017, the Supreme Court of Texas held the professional misconduct detailed in the response of the State Bar of Texas was conclusively established for all purposes. Knight's law license was immediately canceled, he was prohibited from practicing law, and was required to notify in writing each client, opposing counsel and court in which he had pending matters. As a condition for reinstatement, Knight was required to pay $10,300.00 to former clients.
 

 ¶ 2 On January 9, 2018, the Complainant, Oklahoma Bar Association (OBA), filed with this Court a Notice of Order of Discipline pursuant to Rule 7.7 of the Rules Governing Disciplinary Proceedings (RGDP),
 
 5 O.S. 2011
 
 (as amended effective September 30, 2014), Ch. 1, App. 1-A.
 
 [1]
 
 Attached to the
 
 *301
 
 notice was a certified copy of the Order of the Supreme Court of Texas as well as certified copies of the motion, response, and acknowledgment. Complainant notified this Court of the discipline imposed in Texas and that Knight did not inform the Complainant of the Texas discipline as required by Rule 7.7 (a), RGDP. On January 10, 2018, this Court issued an order acknowledging receipt of the notice and its contents. The order informed Knight that a failure to report discipline imposed in another jurisdiction is grounds for discipline in this jurisdiction and the Texas order imposing discipline is prima facie evidence he committed the acts therein. Knight was also informed he could request a hearing on or before January 31, 2018, pursuant to Rule 7.7 (b), RGDP and he could file a brief and any evidence supporting his conduct to mitigate the severity of discipline including a certified copy of the transcript of evidence taken by the trial tribunal in the Supreme Court of Texas. Any such brief or evidence was to be submitted on or before January 31, 2018. The order was mailed to Knight at his official OBA roster address. It was returned to sender. This Court did not receive any documentation from Knight on or before January 31, 2018. The Complainant then hired a process server which successfully served Knight on March 16, 2018, the Notice of Order of Discipline, Entry of Appearance by Katherine Ogden, Complainant's Brief in Support of a Recommendation of Discipline and this Court's original Order advising Knight of the deadline to respond to the recommendation. Thereafter, a revised Order was issued by this Court amending deadlines for Knight to respond to the recommendation. It was mailed to his official roster address as well as two other addresses, including the address where he was served. Each order was returned to sender. Notice by mail to a lawyer's official roster address is sufficient to satisfy due process.
 
 State ex rel. Oklahoma Bar Association v. Gaines
 
 ,
 
 2016 OK 80
 
 , ¶ 9,
 
 378 P.3d 1212
 
 ;
 
 State ex rel. Oklahoma Bar Ass'n v. Haave,
 

 2012 OK 92
 
 , ¶ 13,
 
 290 P.3d 747
 
 .
 

 II. Facts
 

 A. Texas Bar Discipline
 

 ¶ 3 Knight's disbarment in Texas was based on his misconduct related to representation of clients in five separate matters. The Response of the Chief Disciplinary Counsel identified each of the five separate matters as follows:
 

 1.
 
 Rachel Lowery
 
 : In March 2016, Lowery hired Knight for representation in a divorce matter. Lowery paid a $4,000.00 fee. Knight neglected Lowery's case and failed to adequately communicate with her. In June 2016, Knight's license to practice law in the State of Texas was suspended for one year. Knight failed to notify Lowery of the suspension and in fact, engaged in the practice of law while suspended. When Knight closed his practice, he failed to notify Lowery of the same. Knight also failed to respond to Lowery's grievance with the State Bar of Texas. Knight's actions were in violation of Rules 1.01(b)(1),
 
 *302
 
 1.03(a), 8.04(a)(7), 8.04(a)(8), 8.04(a)(10) and 8.04(a)(11) of the Texas Disciplinary Rules of Professional Conduct ("TDRPC").
 

 2.
 
 Elmer Hayes
 
 : In January 2016, Hayes hired Knight for representation in a family law matter and paid Respondent a $1,000.00 fee. Knight neglected Hayes' case and failed to communicate with him. Knight also failed to notify Hayes of his June 2016 suspension and engaged in the practice of law while suspended. Knight also failed to notify Hayes that his office was closed. Knight failed to respond to Hayes' grievance with the State Bar of Texas. Knight's actions were in violation of Rules 1.01 (b)(1), 1.03(a), 8.04(a)(7), 8.04(a)(8), 8.04(a)(10) and 8.04(a)(11) of the TDRPC.
 

 3.
 
 Jason and Ann Griffin
 
 : In February 2016, the Griffins hired Knight to represent them in an interstate child custody matter that they wanted transferred to Texas. The Griffins paid Knight $2,500.00 for this matter. Knight neglected their matter and failed to communicate with his clients. Knight failed to respond to the Griffins' request for a return of any unearned fees. Knight also failed to notify the Griffins of his June 2016 suspension and engaged in the practice of law while suspended. Knight also failed to notify the Griffins that his office was closed. Knight failed to respond to the Griffins' grievance with the State Bar of Texas. Knight's actions were in violation of Rules 1.01(b)(1), 1.03(a), 1.15(d), 8.04(a)(7), 8.04(a)(8), 8.04(a)(10) and 8.04(a)(11) of the TDRPC.
 

 4.
 
 Ashley Langioni
 
 : In February 2016, Langioni hired Knight for representation in a family law matter and paid him a $1,600.00 fee. Knight neglected Langioni's case and failed to communicate with her. Knight failed to respond to Langioni's request to return any unearned portion of his fee to her. Knight also failed to notify Langioni of his June 2016 suspension and engaged in the practice of law while suspended. Knight also failed to notify Langioni that his office was closed. Knight failed to respond to Langioni's grievance with the State Bar of Texas. Knight's actions were in violation of Rules 1.01 (b)(1), 1.03(a), 1.15(d), 8.04(a)(7), 8.04(a)(8), 8.04(a)(10) and 8.04(a)(11) of the TDRPC.
 

 5.
 
 Kelley Marie Johnson
 
 : In September 2015, Johnson hired Knight for representation in a family law matter. Johnson paid Knight a $1,200.00 fee. Knight neglected Johnson's case and failed to communicate with her. Knight failed to respond to Johnson's request that he return any unearned portion of the fee to her. Knight also failed to notify Johnson of his June 2016 suspension and engaged in the practice of law while suspended. Knight also failed to notify Johnson that his office was closed. Knight failed to respond to Johnson's grievance with the State Bar of Texas. Knight's actions were in violation of Rules 1.01(b)(1), 1.03(a), 1.15(d), 8.04(a)(7), 8.04(a)(8) and 8.04(a)(11) of the TDRPC.
 

 The Supreme Court of Texas held the professional misconduct detailed in the response was conclusively established for all purposes and Knight would have to pay restitution to each of these clients as an "absolute condition precedent" for reinstatement.
 

 ¶ 4 The pertinent Texas Disciplinary Rules of Professional Conduct ("TDRPC") Knight was held to have violated are as follows:
 

 1. Rule 1.01 (b) (1) :
 

 (b) In representing a client, a lawyer shall not:
 

 (1) neglect a legal matter entrusted to the lawyer; or
 

 2. Rule 1.03 (a) :
 

 (a) A lawyer shall keep a client reasonable informed about the status of a matter and promptly comply with reasonable requests for information.
 

 3. Rule 1.15 (d):
 

 (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payments of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law only if such
 
 *303
 
 retention will not prejudice the client in the subject matter of the representation.
 

 4. Rule 8.04 :
 

 (a) A lawyer shall not:
 

 ....
 

 (7) violate any disciplinary or disability order or judgment;
 

 (8) fail to timely furnish to the Chief Disciplinary Counsel's office or a district grievance committee a response or other information as required by the Texas Rules of Disciplinary Procedure, unless he or she in good faith timely asserts a privilege or other legal ground for failure to do so;
 

 (10) fail to comply with section 13.01 of the Texas Rules of Disciplinary Procedure relating to notification of an attorney's cessation of practice;
 

 (11) engage in the practice of law when the lawyer is on inactive status or when the lawyer's right to practice has been suspended or terminated including but not limited to situations where a lawyer's right to practice has been administratively suspended for failure to timely pay required fees or assessments or for failure to comply with Article XII of the State Bar Rules relating to Mandatory Continuing Legal Education; or
 

 The OBA asserts these rules are substantially similar to the following Rules Governing Disciplinary Proceedings (RGDP),
 
 5 O.S. 2011
 
 , Ch. 1, App. 1-A, (RGDP) and the Oklahoma Rules of Professional Conduct, (ORPC)
 
 5 O.S. 2011
 
 , Ch. 1, App. 3-A in Oklahoma:
 

 1. Rule 1.3, ORPC :
 

 A lawyer shall act with reasonable diligence and promptness in representing a client.
 

 2. Rule 1.4 (a) (3) & (4), ORPC :
 

 (a) A lawyer shall:
 

 ....
 

 (3) keep the client reasonably informed about the status of the matter;
 

 (4) promptly comply with reasonable requests for information; and
 

 3. Rule 1.15 (d), ORPC :
 

 (d) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.
 

 4. Rule 1.16 (d), ORPC :
 

 (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expenses that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.
 

 5. Rule 3.2, ORPC :
 

 A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.
 

 6. Rule 5.5, ORPC :
 

 (a) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.
 

 7. Rule 5.2, RGDP :
 

 After making such preliminary investigation as the General Counsel may deem appropriate, the General Counsel shall either (1) notify the person filing the grievance and the lawyer that the allegations of the grievance are inadequate, incomplete' or insufficient to warrant the further attention of the Commission, provided that such action shall be reported to the Commission at its next meeting, or (2) file and serve a copy of the grievance (or, in the case of an investigation instituted on the part of the General Counsel or the Commission without the filing of a signed grievance, a recital of the relevant facts or allegations)
 

 *304
 
 upon the lawyer, who shall thereafter make a written response which contains a full and fair disclosure of all the facts and circumstances pertaining to the respondent lawyer's alleged misconduct unless the respondent's refusal to do so is predicated upon expressed constitutional grounds. Deliberate misrepresentation in such response shall itself be grounds for discipline. The failure of a lawyer to answer within twenty (20) days after service of the grievance (or recital of facts or allegations), or such further time as may be granted by the General Counsel, shall be grounds for discipline. The General Counsel shall make such further investigation of the grievance and response as the General Counsel may deem appropriate before taking any action.
 
 [2]
 

 In addition, Rule 9.1, RGDP is similar to the Texas Rules of Disciplinary Procedure Rule 13.01
 
 [3]
 
 mentioned in Rule 8.04 (a) (10), TDRPC that Knight was found to have violated. Rule 9.1, RGDP provides:
 

 When the action of the Supreme Court becomes final, a lawyer who is disbarred or suspended, or who has resigned membership pending disciplinary proceedings, must notify all of the lawyer's clients having legal business then pending within twenty (20) days, by certified mail, of the lawyer's inability to represent them and the necessity for promptly retaining new counsel. If such lawyer is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the disbarred, suspended or resigned lawyer had substantial responsibility. The lawyer shall also file a formal withdrawal as counsel in all cases pending in any tribunal. The lawyer must file, within twenty (20) days, an affidavit with the Commission and with the Clerk of the Supreme Court stating that the lawyer has complied with the provisions of this Rule, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a condition precedent to any petition for reinstatement.
 

 B. Prior Oklahoma Discipline
 

 ¶ 5 Knight has a lengthy history of prior disciplinary actions in Oklahoma. In 2009, Knight received a partially probated suspension for one year by the State Bar of Texas. The suspension was based on allegations of improper communications and neglect of a legal matter in violation of Rules 1.01 (b) (1), 1.03 (a) and 4.02 (a) of the Texas Disciplinary Rules of Professional Conduct. Knight failed to inform the Oklahoma Bar Association of the suspension as required by Rule 7.7 (a), RGDP. The Complainant informed the Professional Responsibility Commission after receiving notice of the suspension from the State Bar of Texas. The Commission thereafter privately reprimanded Knight. On July 16, 2014, this Court suspended Knight's license
 
 *305
 
 to practice law for one year in a Rule 7, RGDP reciprocal disciplinary action;
 
 State ex rel.Oklahoma Bar Association v. David William Knight,
 

 2014 OK 71
 
 ,
 
 330 P.3d 1216
 
 . One year later, Knight was again suspended for failure to pay his 2015 OBA membership dues; SCBD 6272,
 
 2015 OK 46
 
 . On September 29, 2015, this Court suspended Knight for two years and one day in a Rule 6, RGDP, attorney discipline action;
 
 State Bar Association v. David William Knight,
 

 2015 OK 59
 
 ,
 
 359 P.3d 1122
 
 . On June 27, 2016, Knight's name was stricken from the roll of attorneys for his failure to pay his 2015 OBA membership dues. SCBD 6272,
 
 2016 OK 76
 
 . On June 7, 2016, Complainant initiated a Rule 7, RGDP action against Knight for discipline imposed in the State of Texas. On September 12, 2016, this Court noted Knight's name had been stricken from the Roll of Attorneys for nonpayment of dues and dismissed the Rule 7 matter without prejudice;
 
 State ex rel. Oklahoma Bar Association v. David William Knight,
 
 SCBD 6403.
 
 [4]
 

 STANDARD OF REVIEW
 

 ¶ 6 This Court is vested with exclusive and original jurisdiction over attorney disciplinary proceedings.
 
 State ex rel. Okla. Bar Ass'n v. Cooley
 
 ,
 
 2013 OK 42
 
 , ¶ 4,
 
 304 P.3d 453
 
 ;
 
 State ex rel. Okla. Bar Ass'n v. Hart
 
 ,
 
 2014 OK 96
 
 , ¶ 6,
 
 339 P.3d 895
 
 . It is this Court's constitutional responsibility to regulate the practice of law and the licensure, ethics, and discipline of legal practitioners in this state. State ex rel. Oklahoma Bar Ass'n v. Wintory,
 
 2015 OK 25
 
 , ¶ 14,
 
 350 P.3d 131
 
 ;
 
 State ex rel. Okla. Bar Ass'n v. Wilcox
 
 ,
 
 2014 OK 1
 
 , ¶ 2,
 
 318 P.3d 1114
 
 ;
 
 State ex rel. Okla. Bar Ass'n v. McArthur
 
 ,
 
 2013 OK 73
 
 , ¶ 4,
 
 318 P.3d 1095
 
 ;
 
 State ex rel. Okla. Bar Ass'n v. Farrant,
 

 1994 OK 13
 
 , ¶ 18,
 
 867 P.2d 1279
 
 . We exercise the responsibility to decide whether attorney misconduct has occurred and what discipline is appropriate, not for the purpose of punishing the attorney, but to assess his or her continued fitness to practice law and to safeguard the interests of the public, the courts, and the legal profession.
 
 State ex rel. Oklahoma Bar Association v. Friesen
 
 ,
 
 2016 OK 109
 
 , ¶ 8,
 
 384 P.3d 1129
 
 ;
 
 State ex rel. Okla. Bar Ass'n v. Wilburn,
 

 2006 OK 50
 
 , ¶ 3,
 
 142 P.3d 420
 
 . In a reciprocal disciplinary proceeding, "it is within this Court's discretion to visit the same discipline as that imposed in the other jurisdiction or one of greater or lesser severity."
 
 State of Oklahoma ex rel. Oklahoma Bar Association v. Patterson,
 

 2001 OK 51
 
 , ¶ 33,
 
 28 P.3d 551
 
 ;
 
 State ex rel. Oklahoma Bar Association v. Kleinsmith
 
 ,
 
 2013 OK 16
 
 , ¶ 4,
 
 297 P.3d 1248
 
 .
 

 ANALYSIS
 

 ¶ 7 The certified documents provided to this Court by the Complainant which includes the Order of the Supreme Court of Texas canceling Knight's Texas law license constitutes the charge and is prima facie evidence Knight committed the acts described therein. Rule 7.7 (b),
 
 5 O.S. 2011
 
 , (as amended effective September 30, 2014) ch. 1, app. 1-A. Rule 7.7, RGDP allows a lawyer in a reciprocal disciplinary matter to file documentation to support a defense that the discipline imposed by another jurisdiction was not supported by the evidence or that it does not provide sufficient grounds for discipline in Oklahoma. Knight has been served the above mentioned documents and has failed to defend or provide any documentation to this Court. His resignation pending disciplinary proceedings in the State of Texas and the resulting disbarment are deemed an admission of the facts alleged therein.
 
 State of Oklahoma ex rel. Oklahoma Bar Association v. Bransgrove,
 

 1998 OK 93
 
 , ¶ 6,
 
 976 P.2d 540
 
 .
 

 ¶ 8 In determining appropriate discipline it is proper to compare the matter at hand with previous disciplinary matters.
 
 State ex rel. Okla. Bar Ass'n v. Doris
 
 ,
 
 1999 OK 94
 
 , ¶ 38,
 
 991 P.2d 1015
 
 . We consider the current misconduct, past misconduct and discipline
 
 *306
 
 as well as the purposes of discipline.
 
 State ex rel. Oklahoma Bar Association v. Knight,
 

 2014 OK 71
 
 , ¶ 11,
 
 330 P.3d 1216
 
 . The extent of discipline must, however, be decided on a case-by-case basis because each situation will usually involve different transgressions and different mitigating circumstances.
 
 State ex rel. Okla. Bar Ass'n v. Doris
 
 ,
 
 1999 OK 94
 
 at ¶ 38,
 
 991 P.2d 1015
 
 .
 

 ¶ 9 In
 
 State ex rel. Oklahoma Bar Association v. O'Laughlin
 
 , an attorney requested to resign from the practice of law in the State of Texas pending disciplinary action which was accepted by the Supreme Court of Texas.
 
 2016 OK 56
 
 , ¶ 4,
 
 373 P.3d 1005
 
 . O'Laughlin's professional misconduct was found to have been conclusively established. The professional misconduct included his failure to act for years in providing services to clients, failure to communicate with clients, failure to return advance fees not earned and withholding of client papers and property after termination.
 
 State ex rel. Oklahoma Bar Association v. O'Laughlin
 
 ,
 
 2016 OK 56
 
 at ¶¶ 20-21,
 
 373 P.3d 1005
 
 . In addition, O'Laughlin failed to inform the Oklahoma Bar Association of the Texas discipline. He was found by this Court to have violated Rules 1.1, 1.3, 1.4 (a) (3)-(4), 1.15 (d), 1.16 (d) and 3.2 ORPC as well as Rule 7.7, RGDP. This Court noted there was no indication O'Laughlin had taken steps to remedy the harm he had caused his clients nor did he produce any mitigating evidence for his actions.
 
 State ex rel. Oklahoma Bar Association v. O'Laughlin
 
 ,
 
 2016 OK 56
 
 at ¶ 21, ¶¶ 25-26,
 
 373 P.3d 1005
 
 . We determined his actions showed a lack of respect for his clients, this Court and the Supreme Court of Texas and his failure to even acknowledge his misconduct presented a danger to the public.
 
 O'Laughlin,
 

 2016 OK 56
 
 at ¶ 25,
 
 373 P.3d 1005
 
 . The Oklahoma Bar Association requested he be suspended for thirty to sixty days, however, this Court found his actions warranted stricter discipline and disbarred him from the practice of law in Oklahoma.
 
 O'Laughlin,
 

 2016 OK 56
 
 at ¶ 26,
 
 373 P.3d 1005
 
 .
 

 ¶ 10 As in
 
 O'Laughlin
 
 , it was conclusively established Knight neglected his various client's cases, failed to communicate with his clients, failed to return unearned fees upon request, failed to notify clients of his suspension and the closing of his law office and engaged in the practice of law while suspended. Further, Knight failed to contact the Oklahoma Bar Association concerning his Texas discipline. These actions violated Rules 1.3, 1.4 (a) (3)-(4), 1.15 (d), 1.16 (d), 3.2, 5.5, ORPC, and Rules 5.2 and 9.1, RGDP. Knight's prior history of discipline in this state is also troubling and shows an indifference to the requisite responsibilities necessary to practice law in Oklahoma. He has further failed to respond or attempt to mitigate any discipline we may impose in this matter. His professional misconduct and disregard for the disciplinary process presents a danger to the interests of the public, the courts and the legal profession. The Complainant submits Knight's prior discipline by this Court, together with the misconduct at issue, warrants the discipline of disbarment. We are compelled to agree.
 

 ¶ 11 Knight is hereby disbarred effective upon the date this opinion becomes final. The Complainant did not file an application to recover costs of this disciplinary proceeding, therefore, no costs are assessed.
 

 RESPONDENT DISBARRED
 

 ¶ 12 CONCUR: COMBS, C.J., GURICH, V.C.J., WINCHESTER, EDMONDSON, COLBERT, REIF, WYRICK, and DARBY, JJ.
 

 ¶ 13 CONCUR IN RESULT: KAUGER, J.
 

 [1]
 

 Rule 7.7, RGDP,
 
 5 O.S. 2011
 
 (as amended effective September 30, 2014), ch. 1, app. 1-A provides:
 

 (a) It is the duty of a lawyer licensed in Oklahoma to notify the General Counsel whenever discipline for lawyer misconduct has been imposed upon him/her in another jurisdiction, within twenty (20) days of the final order of discipline, and failure to report shall itself be grounds for discipline.
 

 (b) When a lawyer has been adjudged guilty of misconduct in a disciplinary proceeding, except contempt proceedings, by the highest court of another State or by a Federal Court, the General Counsel of the Oklahoma Bar Association shall cause to be transmitted to the Chief Justice a certified copy of such adjudication within five (5) days of receiving such documents. The Chief Justice shall direct the lawyer to appear before the Supreme Court at a time certain, not less than ten (10) days after mailing of notice, and show cause, if any he/she has, why he/she should not be disciplined. The documents shall constitute the charge and shall be prima facie evidence the lawyer committed the acts therein described. The lawyer may submit a certified copy of transcript of the evidence taken in the trial tribunal of the other jurisdiction to support his/her claim that the finding therein was not supported by the evidence or that it does not furnish sufficient grounds for discipline in Oklahoma. The lawyer may also submit, in the interest of explaining his/her conduct or by way of mitigating the discipline which may be imposed upon him/her, a brief and/or any evidence tending to mitigate the severity of discipline. The General Counsel may respond by submission of a brief and/or any evidence supporting a recommendation of discipline.
 

 [2]
 

 The OBA, however, is not pursuing a claim against Knight for his failure to respond to the Chief Disciplinary Counsel's office as required by the Texas Rules of Disciplinary Procedure.
 
 State ex rel. Oklahoma Bar Association v. O'Laughlin,
 

 2016 OK 56
 
 , ¶ 23,
 
 373 P.3d 1005
 
 .
 

 [3]
 

 Rule 13.01 of the Texas Rules of Disciplinary Procedure provides:
 

 When an attorney licensed to practice law in Texas dies, resigns, becomes inactive, is disbarred, or is suspended, leaving an active client matter for which no other attorney licensed to practice in Texas, with the consent of the client, has agreed to assume responsibility, written notice of such cessation of practice shall be mailed to those clients, opposing counsel, courts, agencies with which the attorney has matters pending, malpractice insurers, and any other person or entity having reason to be informed of the cessation of practice. If the attorney has died, the notice may be given by the personal representative of the estate of the attorney or by any person having lawful custody of the files and records of the attorney, including those persons who have been employed by the deceased attorney. In all other cases, notice shall be given by the attorney, a person authorized by the attorney, a person having lawful custody of the files of the attorney, or by Chief Disciplinary Counsel. If the client has consented to the assumption of responsibility for the matter by another attorney licensed to practice law in Texas, then the above notification requirements are not necessary and no further action is required.
 

 [4]
 

 The reasoning behind the dismissal was based upon an interpretation that once the lawyer's name was stricken from the roll of attorneys no further discipline was warranted. However, on January 9, 2017, Rule 1.1, RGDP,
 
 5 O.S. 2011
 
 , ch. 1, app. 1-A, was amended and now provides "[t]his Court retains jurisdiction to impose discipline for cause on a lawyer whose name has been stricken from the Roll of Attorneys for non-payment of dues or for failure to complete mandatory continuing legal education."
 
 2017 OK 1
 
 .