*612
 

 ORDER IMPOSING FINAL DISCIPLINE OF SUSPENSION
 


 ¶ 1 This Court suspended the law license of the Respondent, Colin Richard Barrett, on May 30, 2017, for failure to pay 2017 membership dues to the Oklahoma Bar Association. The Respondent's name was stricken from the Oklahoma Bar Association membership rolls on June 11, 2018, for his failure to pay the 2017 membership dues.
 


 *613
 
 ¶ 2 On November 17, 2016, the Respondent entered a plea of guilty to a misdemeanor charge of Driving Under the Influence in Alabama. Respondent received a suspended sentence of 180 days and was placed on probation for 24 months. The Oklahoma Bar Association filed rule 7 disciplinary proceedings against the Respondent on May 21, 2018, based on the 2016 Alabama conviction for Driving Under the Influence. The Proof of Service shows that the Notice of Guilty plea was originally mailed to the Respondent at his official roster address in Oklahoma and returned "Unable to Forward." The Notice was then sent by certified mail to the Respondent at an address in Alexander City, Alabama, and the certified mail card was returned signed by a "Susan Barrett."
 

 ¶ 3 On May 23, 2018, this Court issued a reverse show cause order asking the Respondent to show cause, no later than June 8, 2018, why he should not be immediately suspended from the practice of law. The Order was sent to the Respondent's official roster address in Oklahoma and returned "Unable to Forward." The order was then mailed to the address in Alexander City, Alabama, and was not returned.
 

 ¶ 4 To this date, the Respondent has never entered an appearance or responded to the notice or this Court's show cause order mailed to him. He is in complete default in these proceedings. "The integrity of the judicial system demands that lawyers, who are officers of the court, respect its authority."
 
 State ex rel. Okla. Bar Ass'n v. Giger
 
 ,
 
 2003 OK 61
 
 , ¶ 34,
 
 72 P.3d 27
 
 , 38. A person who holds a bar license is required to promptly and adequately respond to allegations of misconduct when lawfully requested to do so.
 
 State ex rel. Oklahoma Bar Ass'n v. Whitebook,
 

 2010 OK 72
 
 , ¶ 23,
 
 242 P.3d 517
 
 , 522. Lawyers who fail to answer formal charges of misconduct, and fail to appear and to participate in disciplinary proceedings, show disregard for this Court's authority and reveal "how little they value their license to practice law."
 
 State ex rel. Oklahoma Bar Ass'n v. Haave
 
 ,
 
 2012 OK 92
 
 , ¶ 15,
 
 290 P.3d 747
 
 , 752. "Lawyers who fail to discharge these minimal burdens to protect their own interests cannot be expected or trusted to act to protect the interests of clients, the public and the legal profession."
 

 Id.
 



 ¶ 5 On June 25, 2018, the Oklahoma Bar Association filed a response to this Court's show cause order stating that Respondent had provided no legal basis as to why an order of interim suspension should not be issued, or why a final order of discipline should not be entered. The OBA further stated that apart from the Respondent's failure to pay his membership dues, the OBA had not discovered any evidence that would facially demonstrate Barrett's unfitness to practice law. The OBA asked the Court to enter such Orders as it deemed appropriate.
 

 ¶ 6 Rule 7.2 of the Rules Governing Disciplinary Procedure provides that a certified copy of a plea of guilty, an order deferring judgment and sentence, or information and judgment and sentence of conviction "shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment and sentence is based and shall suffice as the basis for discipline in accordance with these rules."
 
 5 O.S. 2011
 
 , ch. 1, app. 1-A (RGDP). In a Rule 7 summary disciplinary proceeding, this Court exercises exclusive original jurisdiction to carry out its nondelegable responsibility to discipline lawyers and to regulate the practice of law as may be necessary to safeguard the interests of the public, the judiciary, and the legal profession.
 
 State ex rel. Oklahoma Bar Association v. Shofner
 
 ,
 
 2002 OK 84
 
 , ¶ 5,
 
 60 P.3d 1024
 
 , 1026. This Court considers de novo every aspect of a disciplinary inquiry.
 
 State ex rel. Oklahoma Bar Association v. Livshee,
 

 1994 OK 12
 
 , ¶ 5,
 
 870 P.2d 770
 
 .
 

 ¶ 7 In determining the final discipline to be imposed, we first find that the record reflects Respondent has received sufficient notice and opportunity to be heard in accord with due process established for disciplinary proceedings.
 
 See
 

 State ex rel Oklahoma Bar Association v. Whitebook
 
 ,
 
 2010 OK 72
 
 , ¶ 21,
 
 242 P.3d 517
 
 , 522. Notice by mail to a lawyer's official roster address satisfies due process.
 
 State ex rel. Oklahoma Bar Association v. Knight,
 

 2018 OK 52
 
 , ¶ 2,
 
 421 P.3d 299
 
 , 301. We next find that Respondent's final conviction furnishes clear and
 
 *614
 
 convincing evidence that he committed the criminal act alleged against him.
 

 ¶ 8 To this date, Respondent has not paid his Bar membership dues. In this disciplinary proceeding, he has never responded or otherwise offered any explanation for his conduct. He has not requested a hearing, filed a brief, or submitted any evidence to support any mitigation of final discipline. Respondent's continued failure to pay his Bar membership dues even after his suspension, resulting in his name being stricken from the membership rolls, his complete failure to respond to these disciplinary proceedings against him, and his criminal conviction, combine to reflect adversely on the Respondent's trustworthiness and fitness as a lawyer.
 

 ¶ 9
 
 IT IS THEREFORE ORDERED
 
 that Respondent is hereby suspended from the practice of law in Oklahoma for six months. The suspension is effective from the date of this order until March 10, 2019. Respondent's failure to respond or defend has kept the costs of this proceeding at a minimum and, therefore, no costs are assessed to Respondent.
 

 ¶ 10
 
 IT IS FURTHER ORDERED
 
 that the Clerk of this Court shall mail a copy of this order to the Respondent at his Official Roster Address and at his address in Alexander City, Alabama, and to the Office of the General Counsel of the Oklahoma Bar Association.
 


 DONE IN CONFERENCE BY ORDER OF THE SUPREME COURT ON SEPTEMBER 10, 2018.
 


 ¶ 11 Combs, C.J., Winchester, Edmondson, Colbert, Reif, Wyrick and Darby, JJ., concur;
 

 ¶ 12 Gurich, V.C.J. and Kauger, J., dissent.